UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M<small>ALAK</small> C<small>HARARA</small>,

    Plaintiff,

v.

C<small>OMMISSIONER OF</small> S<small>OCIAL</small> S<small>ECURITY</small>,

    Defendant.
_____/

Case No. 17-13481

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small>
M<small>ONA</small> K. M<small>AZJOUB</small>

**O<small>RDER</small> A<small>DOPTING</small> R<small>EPORT AND</small> R<small>ECOMMENDATION</small> [16], O<small>VERRULING</small>
<small>PLAINTIFF'S</small> O<small>BJECTION</small> [17], D<small>ENYING</small> P<small>LAINTIFF'S</small> M<small>OTION FOR</small> S<small>UMMARY</small>
J<small>UDGMENT</small> [11], <small>AND</small> G<small>RANTING</small> D<small>EFENDANT'S</small> M<small>OTION FOR</small> S<small>UMMARY</small>
J<small>UDGMENT</small> [15]**

Plaintiff, Malak Charara, has sought judicial review of an Administrative Law Judge (ALJ) decision denying her application for disability benefits. On September 12, 2018, Magistrate Judge Mona K. Majzoub issued her Report and Recommendation (R&R) [16], recommending that the Court deny Ms. Charara's Motion for Summary Judgment [11] and grant the Commissioner of Social Security's Motion for Summary Judgment [15]. Ms. Charara filed Objections on September 26, 2018 [17], and the Commissioner filed a Response on October 1, 2018 [18].

**F<small>ACTUAL</small> B<small>ACKGROUND</small>**

The R&R incorporates the factual background of the ALJ's decision, but the Court will provide a brief sketch of Ms. Charara's condition nevertheless. Malak

Charara was born on March 30, 1993 and was only 20 at the date of her disability's alleged onset. On August 8, 2015, she was diagnosed with multiple sclerosis and her mental and physical condition deteriorated further. (Tr. 691-92). She has testified that she has chronic pain throughout her back and extremities and suffers from migraines, weakness, and fatigue. (Tr. 16). She struggles with simple tasks and has testified to needing help performing basic household tasks. (Id.). Moroever, Ms. Charara is beset by psychological difficulties. She has been hospitalized due to her history of panic attacks and depression, and her pain treatment regime has left her battling with opioid addiction. (Tr. 19). In early 2017, Ms. Charara underwent several brain MRIs, which revealed periventricular and juxta cortical lesions. (Id.). She's testified that she suffers from migraines "every second of the day." (Tr. 56).

## PROCEDURAL BACKGROUND

The R&R outlines the case's procedural history as follows.

> On December 5, 2013, Plaintiff applied for Supplemental Security Income ("SSI"), alleging that she has been disabled since October 29, 2013. (TR 251.) The Social Security Administration initially denied Plaintiff's claims on March 6, 2014. (TR 160.) On April 2, 2015, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge ("ALJ") Ena Weathers. (TR 108-139.) On August 7, 2015, ALJ Weathers issued an unfavorable decision on Plaintiff's claims. (TR 86-107.) However, on October 19, 2016, the Appeals Council issued an order remanding the case to the ALJ with instructions to consider "[n]ew and material evidence" which "provide[d] support for the medically determinable impairment of multiple sclerosis." (TR 78-79.) The Appeals Council directed the ALJ on remand to:
> - Consider the new and material evidence that provides documentation of multiple sclerosis;

- Update the record and obtain additional evidence concerning the claimant's medically determinable impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 416.912-913). The additional evidence may include, if warranted and available, a consultative examination, and medical source statements about what the claimant can still do despite the impairments;
- Consider the new evidence documenting multiple sclerosis and further evaluate the claimant's alleged symptoms and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR 416.929);
- If necessary, obtain evidence from a medical expert to clarify nature, severity, limiting effects, and/or onset of the claimant's impairments, in particular, the claimant's multiple sclerosis; and
- Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p).

(TR 80.)

On May 20, 2017, Plaintiff appeared for a hearing before ALJ Crystal L. White-Simmons. (TR 32-76.) On April 27, 2017, ALJ White-Simmons issued an unfavorable decision on Plaintiff's claims. (TR 7-23.) Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on July 26, 2017. (TR 1-3.) On October 25, 2017, Plaintiff commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## STANDARD OF REVIEW

The Court conducts *de novo* review of objections to a Magistrate Judge's Report and Recommendation on a dispositive motion. 28 U.S.C. § 636(b)(1)(c).

Judicial review of a decision by a Social Security ALJ "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Cole v. Astrue*, 661 F.3d

931, 937 (6th Cir. 2011) (internal quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 534 (6th Cir. 2001) (internal quotation marks omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if there is also substantial evidence to support the opposite conclusion. *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007). On the other hand, the substantial evidence standard "does not permit a selective reading of the record," as the reviewing court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *McLean v. Comm'r of Soc. Sec.*, 360 F. Supp. 2d 864, 869 (E.D. Mich. 2005) (quoting *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984)). Further, "[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole*, 661 F.3d at 937 (internal quotation marks and citations omitted).

## ANALYSIS

### I. The ALJ Properly Followed the Instructions of the Appeals Council on Remand

Ms. Charara objects to the R&R to argue that ALJ White-Simmons, in her March 20, 2017 decision, failed to comply with the Appeals Council's Order.

Specifically, she takes issue with the ALJ's refusal to obtain an updated consultative examination to determine the severity of the Multiple Sclerosis. More generally, she argues that ALJ failed to gather sufficient information on her medical condition as it related to her diagnosis of Multiple Sclerosis. The problem with this argument, as noted by the Magistrate Judge, is that the Appeals Council left a great deal of discretion to the ALJ, who was instructed to obtain evidence from a medical expert "if necessary," and a consultative examination, "if warranted and available." The Appeals Council mandated only that the ALJ study the effects of Ms. Charara's Multiple Sclerosis, not that she commission a new consultative examination.

The ALJ conformed her decision to the Appeals Council's remand order. She adequately took into account new evidence arising from Ms. Charara's Multiple Sclerosis, including a July 2015 cervical MRI and the examinations and treatment of physician Mohammad Ayad, M.D. (Tr. 18). The ALJ considered the medical opinions of Sami Abufarha, M.D, who performed a lumbar MRI and opined on mild facet hypertrophy in late 2013. (Tr. 17). She also considered emergency room treatment for "body aches, anxiety and fatigue" in March 2015 and the consultative medical examination of Cynthia Shelby-Lane, M.D. in April 2015. (Tr. 18). Dr. Shelby-Lane's evaluation, four months before the Multiple Sclerosis diagnosis, revealed "only moderate limitations in the claimant's gait, strength, and overall physical functioning." (Id.).

Evaluations conducted after her Multiple Sclerosis diagnosis continued to find only moderate limitations to Ms. Charara's strength and mobility. The Magistrate Judge drew attention to the ALJ's observations that diagnostic studies of Ms. Charara's spine "reveal only moderate degenerative change," and "do not demonstrate rapid progression [of multiple sclerosis] or other acute complications." (Tr. 17). Neurological examinations following her diagnosis of Multiple Sclerosis, notably a report by neurologist Jose DeSousa, M.D., reveal that though Ms. Charara suffers from pain in her arms and legs, she has full strength in all four extremities and normal motor faculties. (Tr. 788-89). These observations were corroborated by the progress notes of neurologist Daniel Singer, D.O., which indicate normal motor function, muscle strength, and gait. (Tr. 807-09). Dr. Ayad examined Ms. Charara on March 5, 2016 and found that her lungs and ENT were clear, and her muscle strength rated a 5/5. (Tr. 679). He also found that her Rhomberg was normal, she had no pronator drift, her reflexes were symmetric, and her gait was steady. (Id.). On January 1, 2016 he found that Ms. Charara had a good range of movement in her back and extremities, which was typical for their appointments between 2015 and 2017. (Tr. 682, Ex. 20F). There was thus sufficient post-diagnosis information for the ALJ to make a finding based on substantial evidence that Ms. Charara's diagnosis of Multiple Sclerosis had not rendered her disabled. The Magistrate Judge

was thus correct to submit that the ALJ conformed her evaluation to the Appeals Council's remand.

## II. The ALJ Did Not Err When She Discounted the Opinion of Plaintiff's Treating Physician

Ms. Charara objects to the R&R's finding that the ALJ did not err when she discounted the weight of the treating physician's report on his patient's physical capacities. The ALJ gave little weight to Dr. Ayad's opinion that Ms. Charara could not stand more than ten minutes, sit more than fifteen minutes, or use her left arm. (Tr. 20). She noted that this opinion was inconsistent with Dr. Ayad's past observations and the observations of other medical professionals. (Id.).

The treating physician rule is not a license for reviewing courts to reweigh evidence. The Rule requires an ALJ to give a treating source's opinion controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." C.F.R. § 404.1527(d)(2). The ALJ in this case gave good reasons, supported by evidence in the record, for discounting Dr. Ayad's opinion, and thus satisfied the requirements of 20 C.F.R. § 404.1527(d)(2). Those reasons, which are outlined by the R&R, have not been addressed by the plaintiff's objections. They are as follows:

> First, as the ALJ emphasizes, Dr. Ayad's opinion is not consistent with the medical evidence of record, which indicates: (1) that Plaintiff's pain was

> "controlled on current medications" as of June 13, 2016 (TR 673), (2) that Plaintiff exhibited no tenderness and good range of motion in her back and extremities and 5/5 muscle strength in all major groups (TR 677-82), and (3) that Plaintiff was "without any focal neurological deficit" (TR 678) and that her sensation was "intact to light touch in all four extremities" (TR 789). Furthermore, diagnostic imaging suggested that the symptoms associated with Plaintiff's multiple sclerosis did not significantly intensify in comparison to the original diagnostic images from July of 2015. (TR 659, 715.) Finally, the undersigned observes that Dr. Ayad's opinion lacks any substantive analysis connecting Plaintiff's medical impairments to the proposed limitations, a defect which limits the ALJ's ability to evaluate the basis for Dr. Ayad's recommendations. (TR 785-86.)

R&R at 10.

The ALJ's finding that Dr. Ayad's opinion was inconsistent with the record was thus made in conformity with the treating physician rule.

### III. The ALJ Did Not Err in Determining Plaintiff's Mental RFC

Plaintiff objects to the Magistrate Judge's submission that the ALJ properly weighed evidence of Ms. Charara's mental conditions to arrive at her mental Residual Functional Capacity. This objection does not meaningfully identify what element of the R&R she takes issue with, however, except its conclusion. As observed by the Magistrate, the ALJ's decision is not lacking in its analysis of Ms. Charara's psychological, emotional, and intellectual conditions. The ALJ assigned great weight to the treatment report of psychological examiner Nick Boneff, Ph.D, who found that though Ms. Charara had moderate limitations in following complex instructions and interacting with others, she had "no limits in her ability to understand, remember, and carry out simple instructions and make simple decisions.

(Tr. 21). She also considered the report of social worker Souad Maadarani, who observed that though Ms. Charara demonstrated a "sad mood and labile affect," she was also "alert, cooperative made normal eye contact, and demonstrated goal-directed thought process and associations." (Id.). Psychiatrist Aicha Rifai, M.D., diagnosed Ms. Charara with depression, generalized anxiety disorder, and attention deficit disorder, but also observed that she exhibited normal levels of attention, concentration, and thought process. (Tr. 21, 520-21). Lastly the ALJ found the opinion of state agency psychological consultant Kathy Morrow, Ph.D.—who opined that Ms. Charara was capable of "simple unskilled work—to be consistent with the record. (Tr. 22).

## IV. The ALJ's Decision Was Supported by Substantial Evidence

Ms. Charara generally objects to the R&R's finding that the ALJ's decision was supported by substantial evidence. She alludes to the pain caused by Multiple Sclerosis, to her physical weakness, and to her constant anxiety. These issues have all been considered by the R&R and reviewed by the Court. This objection targets no particular element of the R&R and raises no new issues for the Court to evaluate.

### CONCLUSION

Although Ms. Charara clearly suffers immensely from Multiple Sclerosis, she has not articulated a valid legal reason to remand this case. ALJ White-Simmons

based her decision on substantial evidence in the record, and the Court is not empowered to replace her analysis with its own.

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation [16] is **ADOPTED** and, except as otherwise noted, entered as the conclusions and findings of the Court. Plaintiff's Objections to the R&R [17] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [15] is **GRANTED**. Plaintiff's Motion for Summary Judgment [11] is **DENIED**.

**SO ORDERED**.

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated: October 30, 2018 | Senior United States District Judge |